**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3363
_____

UNITED STATES OF AMERICA

v.

JOSEPH SABOT,
                                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00039-001)
District Judge:  Honorable William S. Stickman IV

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2021

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 23, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Joseph Sabot appeals the District Court's order denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, Sabot was convicted of traveling with intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) and sentenced to 144 months' imprisonment. See ECF No. 70.

In August 2020, Sabot filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 73. He argued that the District Court should release him because his medical conditions—he alleges that he suffers from asthma, plaque psoriasis, post-traumatic stress disorder, attention deficit hyperactivity disorder, and is overweight—place him at an increased danger from the COVID-19 pandemic. He also claimed that he has used his time in prison productively by maintaining employment, attending various programs, and keeping a clean disciplinary record. The District Court denied the motion, concluding both that Sabot had not shown that "extraordinary and compelling reasons warrant such a reduction" in sentence, § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 91. Sabot filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir.

2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that a number of the § 3553(a) factors weighed against granting compassionate release here.[1] As the Court explained, Sabot has a lengthy and serious criminal history: "[t]he instant conviction represents Sabot's fourth adult criminal conviction, all for serious sexual offenses against minors." ECF No. 77 at 9. Indeed, he was convicted of the offense for which he is now incarcerated while on probation for another sexual offense. The District

---

[1] Based on this conclusion, we need not address whether "extraordinary and compelling reasons warrant" a reduction in Sabot's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

Court thus did not err in finding that this history militated against release. Nor did the Court err in concluding that "[g]ranting Sabot compassionate release at this stage would not reflect the seriousness of his crimes, promote respect for the law, provide just punishment, afford adequate deterrence from future crimes by him, nor would it prevent sentencing disparities." Id. at 10. Finally, it was reasonable for the Court to determine that the fact that Sabot still had about four-and-a-half years of his sentence remaining worked against him. See, e.g., Pawlowski, 967 F.3d at 330. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[2]

---

[2] Sabot filed a motion to be relieved from filing additional and service copies of his brief. In light our disposition of this case, that motion is denied as unnecessary.